**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Steiniger and William Steiniger,<br><br>    Plaintiffs,<br><br>vs.<br><br>John C. Gerspach and Sanjiv Das, *et al.*,<br><br>    Defendants. | No. CV-10-8087-PCT-GMS<br><br>**ORDER** |

The following motions are pending before the Court: (1) the Motion to Remand (Dkt. # 6) filed by Diane and William Steiniger ("Plaintiffs"); (2) the Motion to Dismiss (Dkt. # 8) filed by John C. Gerspach and Sanjiv Das ("Defendants"); (3) Plaintiffs' Motion for Preliminary Injunction (Dkt. # 9); and (4) Plaintiffs' Ex Parte Emergency Motion for Temporary Restraining Order (Dkt. # 12.) As set forth below, the Court denies Plaintiffs' Motions and grants Defendants' Motion to Dismiss.

**DISCUSSION**

**I.     Plaintiffs' Motion to Remand**

Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of removal jurisdiction, the Court must look at the case as of the time of removal. *See Wisconsin Dept. Of Corrections v. Schacht*, 525 U.S. 381, 390 (1998). When this case was removed from Yavapai County Superior Court on May 28, 2010, Plaintiffs explicitly alleged claims

premised on the following federal laws: The Fifth and Fourteenth Amendments to the United States Constitution (*See* Dkt. # 1, Ex. A at 8, 32–33); Federal Reserve Regulation Z (*id.* at 55); 18 U.S.C. § 1964 (*id.* at 93–94); 42 U.S.C. § 1994 and 18 U.S.C. § 1581 (*id.* at 97); and the National Bank Act (*id.* at 106–127). Plaintiffs Complaint also challenges the constitutionality of the Federal Reserve Act and the National Bank Act. (*Id.* at 79–80). These are all claims based on federal law; thus, federal question jurisdiction over Plaintiffs' case is appropriate.

Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also exists over this matter. Section 1332(a) provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." Here, Plaintiffs are residents of Arizona, and defendants are both residents of New York. The Complaint further indicates that Plaintiffs seek damages in excess of $75,000 dollars. Accordingly, jurisdiction over Plaintiffs' state-law claims is appropriate.

**II.   Plaintiffs' Motion for Preliminary Injunction & Ex Parte Emergency Motion for Temporary Restraining Order.**

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or Temporary Restraining Order ("TRO") upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a preliminary injunction or TRO, a plaintiff must show either "(a) probable success on the merits combined with the possibility of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown." *Immigrant Assistant Project of LA County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation

omitted).

Plaintiffs do not set forth facts sufficient for injunctive relief. While Plaintiffs contend that they have been subjected to a wrongful foreclosure, they fail to set forth specific facts suggesting a likelihood of success on the merits.[1] Several of Plaintiffs' arguments appear to allege that Defendants have failed to produce the original note securing Plaintiffs' mortgage. Another division of this Court, however, has already rejected this "show me the note" argument. *See Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp.2d 1178, 1181 (D. Ariz. 2009) (holding that Arizona law "do[es] not require presentation of the original note before commencing foreclosure proceedings"). Relying on Arizona Revised Statute § 47-3301, the *Mansour* court held, "The UCC pertaining to negotiable instruments, as codified in Arizona at title 47, chapter 3, provides that 'persons entitled to enforce an instrument [include] the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder[,] *or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309.*'" *Id.* (internal quotation marks omitted). The Court agrees with *Mansour's* analysis. Accordingly, to the extent that Plaintiffs contend that Defendants are required to produce the original note to foreclose on his property, that claim fails. And while Plaintiffs further contend that Defendants do not have authority to foreclose on his property, they fail to explain the factual basis for their belief that Defendants are legally prohibited from exercising a right of foreclosure due to Plaintiffs' alleged default.

To the extent that Plaintiffs contend that the note has been "bundled with other notes [and] sold as a mortgage-backed security," Plaintiffs fail to explain why this is a legal basis that entitles them to relief. (*See* Dkt. # 10 at 2.) Plaintiffs do not point to any law indicating that securitization of a mortgage is unlawful. *See Colonial Savings, FA v. Gulino*, 2010 WL

---

[1] In their Motion for Preliminary Injunction, Plaintiffs appear to seek injunctive relief against CitiMortgage, who is not a party to this action. Plaintiffs, however, have not provided any legal or factual basis that would allow the Court to enjoin a non-party. *See Rogers v. Sisto*, 2008 WL 364144, at *2 (E.D. Cal. Feb. 11, 2008) ("[A] court may enjoin only parties or non-parties with notice who are shown to be in active concert or participation with defendants.") (citing Fed. R. Civ. P. 65.).

1996608, at *4 (D. Ariz. May 19, 2010) (rejecting a breach of contract claim premised on a lending institution's decision to securitize and cross-collateralize a borrower's loan). And while Plaintiffs appear to allege that Defendants committed fraud when they securitized the note without Plaintiffs' consent, Plaintiffs fail to set forth facts suggesting that Defendants ever indicated that they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities.

Plaintiffs' argument premised on a breach of contract also does not present facts demonstrating a likelihood for success on the merits. According to Plaintiffs, their contract with Defendants fails for lack of consideration. Plaintiffs, however, do not set forth facts indicating that they never received the proceeds of their loan. While Plaintiffs allege that Defendants were not the true source of funding, their Complaint implies that they did receive the $480,000 used to finance their mortgage. Otherwise, it is not clear how Plaintiffs would have been obtained ownership rights over their property. Yet, even if Defendants were not the true source of the funding, Plaintiffs' contract claim fails because Plaintiffs fail to explain how Defendants' alleged decision to procure funding through some alternative source caused damages to Plaintiffs. *See Clark v. Compania Ganadera De Cananea, S.A.*, 95 Ariz. 90, 94, 387 P.2d, 235, 238 (1963) (to state a breach of contract claim under Arizona law, a complainant must allege the existence of a contract, breach thereof, and *resulting damages*).[2]

### III. Defendants' Motion to Dismiss

To survive a dismissal for failure to state a claim under to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action[;]" it must

---

[2]Plaintiffs' *ex parte* request for a TRO also violates Federal Rule of Civil Procedure 65(b)(1). Generally, courts only "issue a preliminary inunction [or TRO] . . . on *notice* to the adverse party. *See* Fed. R. Civ. P. 65(a)(1) (emphasis added). The notice requirement can be excused *only* if the party requesting relief sets forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). The movant must also "certif[y] in writing any efforts made to give notice and the reasons *why* it should not be required." *Id.* at 65(b)(1)(B) (emphasis added). Plaintiffs' *ex parte* request satisfies neither of these requirements.

| | |
|---|---|
| 1 | contain factual allegations sufficient to "raise a right to relief above the speculative level." |
| 2 | *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while "[a]ll allegations of |
| 3 | material fact are taken as true and construed in the light most favorable" to the non-moving |
| 4 | party, *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996), "conclusory allegations of law |
| 5 | and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state |
| 6 | a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (internal quotations |
| 7 | marks omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion |
| 8 | to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Where a complainant seeks |
| 9 | relief on the basis of fraud, Federal Rule of Civil Procedure 9(b) further requires the |
| 10 | complaint to specify the "who what when, where, and how of the misconduct alleged." *See* |
| 11 | *Kearns*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also Swartz v. KPMG LLP*, 476 F.3d 756, |
| 12 | 764 (9th Cir. 2007) ("To comply with Rule 9(b), allegations of fraud must be specific enough |
| 13 | to give defendants notice of the particular misconduct which is alleged to constitute the fraud |
| 14 | . . . .") (internal quotation marks omitted). |
| 15 | Despite the length of their 131-page Complaint, Plaintiffs make no individualized |
| 16 | allegations about either Defendant and make no attempt to describe the role of either |
| 17 | Defendant other than to list their job titles. Instead, Plaintiffs spend pages defining legal |
| 18 | principles that do not appear to be relevant to the case at hand. For instance, Plaintiffs devote |
| 19 | significant attention to the definition of legal terms such as "*malum in se*," "barratry crimes," |
| 20 | and "champerty crimes." It is unclear why these terms of art, which pertain to criminal |
| 21 | matters, are relevant in a civil action involving Defendants' alleged wrongful foreclosure. |
| 22 | (Dkt. # 1, Ex. A at 11–12.) And while Plaintiffs quote several criminal statutes at length, it |
| 23 | is entirely unclear why these statutes are relevant to the instant civil case. Plaintiffs also |
| 24 | quote excerpts from Minnesota case law, discuss "modern money mechanics," and explain |
| 25 | "how banks create money." (Dkt. # 1, Ex. A at 75, 83–85.) Such allegations do not explain |
| 26 | or provide a legal or factual basis upon which Plaintiffs can obtain relief. |
| 27 | Although *pro se* litigants are generally held to less stringent pleading standards, they |
| 28 | must still plead sufficient facts stating a plausible claim for relief. Here, Plaintiffs allege that |

Defendants have attempted to initiate a wrongful foreclosure proceeding. As discussed above, however, Plaintiffs fail to provide *any* facts explaining *why* the foreclosure proceedings are unlawful and *how* each defendant is involved with the wrongful conduct. They also fail to plead their fraud-based claims with the particularity required by Federal Rule of Civil Procedure 9(b). With respect to claims premised on fraud, Plaintiffs fail to allege facts specifying the "who what when, where, and how of the misconduct alleged." *See Kearns*, 567 F.3d at 1124. Rather than provide anything in the way of true substance, Plaintiffs have merely set forth legal definitions and statutory language that are highly irrelevant to Defendants' alleged misconduct. Plaintiffs' claims, therefore, are dismissed without prejudice.

**IV.     Leave to Amend**

Plaintiffs will be given an opportunity, if they so choose, to amend their complaint. In the amended complaint, Plaintiffs must provide sufficient facts explaining what rights they believe were violated, the name of the person, persons, or entities who committed each violation, *exactly* what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiffs' rights, and what specific injury Plaintiffs suffered because of the other person's conduct. *See Rizzo v. Goode,* 423 U.S. 362, 371–72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count, and any amended complaint filed by Plaintiffs must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 8(d)(1) requires "each averment of a pleading to be 'simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citation omitted). Dismissal is appropriate if the complaint is so "verbose, confused, and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. In order to assist litigants to understand the Rule 8(d)

1 requirements that averments "be simple, concise and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *Id.* at 1177. Examples of complaints for different types of claims are contained in forms 10 through form 21.

Plaintiffs are advised that if they elect to file an amended complaint, they shall remove the portions of the original complaint identified as irrelevant in this Order and add relevant factual allegations sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Plaintiffs are further advised that if they fail to comply with the Court's instructions, as explained in this Order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry,* 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with rule 8(a)).

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Motion to Remand (Dkt. # 6), Motion for Preliminary Injunction (Dkt. # 9), and Ex Parte Emergency Motion for Temporary Restraining Order (Dkt. # 12) are **DENIED**;

(2) Defendants' Motion to Dismiss (Dkt. # 8) is **GRANTED WITH LEAVE TO AMEND.**

(3) Plaintiffs **SHALL** have **thirty days (30)** or until **August 1, 2010** to file an Amended Complaint. **SHOULD** Plaintiffs **FAIL** to file the Amended Complaint in the requisite time frame, the Clerk of Court is directed to **TERMINATE** this action without prejudice.

DATED this 1st day of July, 2010.

G. Murray Snow
United States District Judge